UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RUSSELL J. HURD, | Civil No. 11-1259 (JRT/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Commissioner TOM ROY, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

In 1993, Petitioner was found guilty of a murder he committed in 1981. State v. Hurd, 763 N.W.2d 17, 20 (Minn. 2009). He was sentenced to life in prison, and he is now serving his sentence at the Minnesota Correctional Facility at Stillwater, Minnesota.

Petitioner is not presently challenging his 1993 murder conviction, or the sentence imposed for that conviction. Instead, he is challenging various actions and decisions by the Minnesota Department of Corrections, ("DOC"), pertaining to the date when he should be released from prison on parole or supervised release. Petitioner contends that he should

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

be out of prison already, but the DOC does not intend to even consider releasing him before 2017.[2]

In July or August of 2010, Petitioner filed a habeas corpus petition in the state district court for Washington County, Minnesota. He claimed that the DOC was violating his rights under state law and the federal Constitution by failing to release him from prison on parole or supervised release. The state court denied Petitioner's state habeas corpus petition, on the merits, in a written decision dated December 7, 2010. (Petitioner's Exhibits, [Docket No. 6], pp. 5-6.) Petitioner attempted to appeal that decision to the Minnesota Court of Appeals.

The State Court of Appeals acknowledged Petitioner's notice of appeal, but found the appeal to be defective in several respects. (See Order of Minnesota Court of Appeals dated January 28, 2011; Petitioner's Exhibits, [Docket No. 6], pp. 1-2.) The Court of Appeals identified the defects in Petitioner's appeal, and gave him an opportunity to cure those defects. Petitioner apparently tried to comply with the Court of Appeals' directives, but the Court ultimately determined that he had failed to correct all of the defects in a timely manner. Therefore, Petitioner's appeal was summarily dismissed by the Court's order of January 28, 2011. (Id.) Petitioner did not thereafter pursue any further relief in the state courts.

On May 13, 2011, Petitioner filed his current federal habeas corpus petition. (Docket No. 1.) In this case, Petitioner is again challenging the DOC's actions and decisions

---

[2] Petitioner has submitted a DOC memorandum dated November 29, 2000, which states that his "release date is now 2/22/2010." (Petitioner's Exhibits, [Docket No. 6], p. 13.) At least two other exhibits also seem to indicate that Petitioner's expected release date was, at one time, February 22, 2010. (Id., pp. 14-15.)

pertaining to his release date. He claims that the DOC is continuing to detain him in violation of his federal constitutional rights, and that he should be released from prison immediately on parole or supervised release.

This Court reviewed Petitioner's current habeas corpus petition shortly after it was filed. The Court noted that Petitioner apparently failed to exhaust his available state court remedies before commencing this action, because he apparently failed to ask the Minnesota Supreme Court to review the Court of Appeals' decision that dismissed his appeal in his state habeas corpus case. Petitioner was therefore ordered to show why this action should not be summarily dismissed pursuant to the exhaustion of state remedies requirement prescribed by 28 U.S.C. § 2254(b). (Order dated May 18, 2011; [Docket No. 4].) The Court's order explicitly required Petitioner to file an affidavit showing that all of his current federal habeas corpus claims were previously presented to the Minnesota Supreme Court. (Id.)

Petitioner has filed a response to the Court's previous order, which consists of a memorandum, (Docket No. 5), and a collection of exhibits, (Docket No. 6). However, nothing in Petitioner's submissions suggests that he has ever made any effort to have his current claims for relief considered in the Minnesota Supreme Court. Moreover, it is now too late for Petitioner to ask the Supreme Court to review the Court of Appeals' decision in his state habeas corpus case. Therefore, this Court now finds that all of Petitioner's federal habeas corpus claims have been procedurally defaulted, and this action must be summarily dismissed.

**II. DISCUSSION**

It is well established that a federal court cannot entertain a petition for a writ of

3

habeas corpus on behalf of a state prisoner, unless the prisoner has first exhausted all available state court remedies for all of his claims. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 526 U.S. at 842; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19.

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845 (emphasis added). In other words, a prisoner must fairly present all of his constitutional claims to the highest available state court before seeking relief in federal court. Id. at 847. Thus, a Minnesota state prisoner must present his claims to the Minnesota Supreme Court before they can be entertained in a federal habeas corpus proceeding. See Baldwin v. Reese, 541 U.S. 27, 29 (2004) ("the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)").

When a prisoner has not exhausted his state court remedies for some particular claim, and state procedural rules preclude any further attempts to satisfy the exhaustion requirement as to that claim, then the claim has been procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 750 (1991); McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997). See also O'Sullivan, 526 U.S. at 848 (petitioner's failure to present his federal habeas

4

claims to the state supreme court in a timely manner results in a procedural default of those claims). A claim that has been procedurally defaulted will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default, or, in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim. Coleman, 501 U.S. at 750.

The rules governing procedural default have been summarized by the Supreme Court as follows:

> "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."

Id.

The "fundamental miscarriage of justice" exception is available only upon a "showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995), cert. denied, 516 U.S. 1161 (1996) (emphasis added), quoting Schlup v. Delo, 513 U.S. 298, 327 (1995). In other words, a petitioner cannot simply point to errors that allegedly occurred during the course of his state court proceedings; he must instead offer some new evidence which affirmatively demonstrates that he is, in fact, innocent of the offense for which he is imprisoned.

In this case, none of Petitioner's current habeas corpus claims have been fairly presented to, (or decided on the merits by), the Minnesota Supreme Court, because

Petitioner did not file a timely petition for further review after the Minnesota Court of Appeals dismissed his appeal in his state habeas corpus case. Furthermore, it is now too late to present any claims for relief to the Minnesota Supreme Court. The deadline for seeking further review in the Minnesota Supreme Court expired 30 days after Petitioner's state court appeal was dismissed by the Minnesota Court of Appeals. Minn. R. App. P. 117, subd. 1.[3] Because Petitioner did not seek further review of his current habeas corpus claims in the Minnesota Supreme Court in a timely manner, those claims have been procedurally defaulted. O'Sullivan, 526 U.S. at 848.

    The only remaining issue to consider is whether Petitioner has shown cause and prejudice, or actual innocence, to excuse his procedural default. In order to satisfy the "cause" requirement, a prisoner must show that some <u>external impediment</u> prevented him from presenting his claims to the state's highest court in a timely and procedurally proper manner. Coleman, 501 U.S. at 753 ("'cause' under the cause and prejudice test is something <u>external</u> to the petitioner, something that cannot fairly be attributed to him... [f]or example, 'a showing that the factual or legal basis for a claim was not reasonably available... or that some interference by officials made compliance impracticable'"), (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)) (emphasis in the original).

---

[3] Rule 117, subd. 1, provides as follows:

"Any party seeking review of a decision of the Court of Appeals shall separately petition the Supreme Court. <u>The petition</u> with proof of service <u>shall be filed with the clerk of the appellate courts within 30 days of the filing of the Court of Appeals' decision</u>. A filing fee of $550 shall be paid to the clerk of the appellate courts." (Emphasis added.)

Petitioner contends that there is adequate cause to excuse his procedural default, because he thinks that the Clerk of the Minnesota Supreme Court might not have accepted a petition for further review if he had attempted to file one. (Petitioner's Memorandum, [Docket No. 5], p. 3.) This notion is based on Petitioner's failed efforts to perfect his appeal in the Minnesota Court of Appeals following the denial of his state habeas corpus petition. Petitioner claims that his appeal was thwarted by the clerk of the state district court and the clerk of the Minnesota Court of Appeals, and he apparently believes that any application for further review in the Supreme Court likewise would have been thwarted by the clerk for that court. (See id., ("So your honor it is the same clerk for the Minnesota Supreme Court, and if this clerk would not except [sic] and file my appeal, I would say that I have exhausted my state remedies").) This argument must be rejected for two reasons.

First, Petitioner has not shown that the dismissal of his state court appeal was, in fact, attributable to any clerical or administrative error. The order that dismissed Petitioner's state court appeal indicates that he had been previously informed that his appeal would not proceed unless (a) he paid a $550 filing fee, or else obtained an order from the state district court judge granting him leave to proceed in forma pauperis, ("IFP"), on appeal, and (b) he filed an "affidavit of service" indicating that a copy of the notice of appeal was served on the respondent and filed in the district court. (Order dated January 28, 2011, Petitioner's Exhibits, [Docket No. 6], pp. 1-2.) Petitioner's appeal was dismissed because he did not satisfy either of those two requirements. (Id.)

Petitioner is now attempting to blame the clerks of the state district court and the state appellate courts for the dismissal of his appeal. However, nothing in Petitioner's submissions suggests that he ever made any effort to satisfy the two critical requirements

established by the order of the Minnesota Court of Appeals. Petitioner has not shown that he ever tendered any filing fee for his appeal, or that he ever applied to the district court for leave to proceed IFP on appeal.[4] Nor has Petitioner shown that he ever attempted to file an affidavit of service with regard to his notice of appeal. Thus, the record plainly shows that Petitioner's failure to comply with the Court of Appeals' order, and the resulting dismissal of his state court appeal, was attributable solely to <u>his own omissions</u>, and <u>not</u> to any clerical error.

Furthermore, Petitioner has cited no legal authority suggesting that if a state court clerk fails to file some particular document or perform some particular duty, the offended party is thus excused from complying with state court rules in the future. This Court rejects the suggestion that Petitioner should be excused from filing a petition for further review in the Minnesota Supreme Court simply because of a clerical error that <u>allegedly</u> occurred in the past. Even if a state court clerk did erroneously fail to file some document during the course of Petitioner's state court appeal, (which is a purely hypothetical proposition), Petitioner would not thereby be excused from even attempting to seek further review in the Minnesota Supreme Court.

In sum, the Court finds that Petitioner has not adequately demonstrated that his procedural default is attributable to any wholly external cause. To the contrary, it clearly appears that Petitioner himself is solely responsible for his failure to seek further review in

---

[4] Petitioner has filed an order showing that he was granted leave to proceed IFP when he filed his habeas corpus petition in the state district court, but the Court of Appeals informed him that he would need <u>a new order</u> granting him leave to proceed IFP <u>on appeal</u>. There is nothing to suggest that Petitioner ever asked the state district court for a new order that would allow him to proceed IFP on appeal.

the Minnesota Supreme Court. Therefore, Petitioner cannot be excused from his procedural default based on the "cause and prejudice" exception.[5]

The "actual innocence" exception is plainly unavailable here, because Petitioner is not challenging his conviction, or the sentence that was imposed by the original trial court. In any event, Petitioner certainly has not cited any <u>new and previously undiscoverable evidence</u>, which would prove that he is, in fact, innocent of the crime or sentence at issue here. Therefore, Petitioner cannot overcome his procedural default by way of the actual innocence exception.

Because Petitioner's procedural default cannot be excused based on either cause and prejudice, or new proof of actual innocence, the Court concludes that none of Petitioner's current habeas corpus claims can be entertained in federal court. This Court will therefore recommend that this case be summarily dismissed, with prejudice, because of Petitioner's procedural default.

## III.  CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find

---

[5] Because Petitioner has failed to satisfy the cause component of the cause and prejudice requirement, it is unnecessary to separately consider the prejudice component. <u>Ashker v. Class</u>, 152 F.3d 863, 871 (8th Cir. 1998) (when petitioner "has not shown adequate cause to overcome the procedural bar... we need not consider the issue of actual prejudice"); <u>Sweet v. Delo</u>, 125 F.3d 1144, 1151 (8th Cir. 1997), <u>cert</u>. <u>denied</u>, 523 U.S. 1010 (1998) (same).

the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here.  Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review.  It is therefore recommended that Petitioner should <u>not</u> be granted a COA in this matter.[6]

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. Petitioner's application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, (Docket No. 2), be **DENIED AS MOOT**;

3. This action be **DISMISSED WITH PREJUDICE**; and

4. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: August __12__, 2011

                                                    s/ Tony N. Leung
                                                    TONY N. LEUNG
                                                    United States Magistrate Judge

---

[6] The Court notes that Petitioner filed an IFP application with his petition, but he later paid the full $5.00 filing fee for this case.  Petitioner has not shown that he applied for IFP status for any reason other than to obtain a waiver of the filing fee.  Because the fee has now been paid, the Court will recommend that Petitioner's IFP application be denied as moot.

--

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before <u>August 29, 2011</u>.