UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RUSSELL JOHN HURD, | Civil No. 11-1259 (JRT/TNL) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| TOM ROY, Commissioner, | |
| Respondent. | |

Russell John Hurd, #101274, Minnesota Correctional Facility-Stillwater, 970 Pickett Street North, Bayport, MN 55003, pro se.

Krista Jean Guinn Fink and Brent D. Wartner, **MINNESOTA DEPARTMENT OF** CORRECTIONS, 1450 Energy Park Drive, Suite 200, St. Paul, MN 55108; Matthew Frank, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101, for defendant.

Russell J. Hurd, a state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. In a Report and Recommendation dated August 12, 2011, United States Magistrate Judge Tony N. Leung recommended that the Court deny Hurd's petition and dismiss this action with prejudice because Hurd failed to exhaust his available state remedies before commencing this action. (Docket No. 8.) Hurd has filed timely objections to the Report and Recommendation ("R&R"). The Court reviews *de novo* those portions of the R&R to which Hurd objects. *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. L.R. 72.2. Because Hurd defaulted on his habeas claims in state court and failed to demonstrate cause for his default that would allow the Court to consider the merits of his

claim, the Court overrules Hurd's objections and adopts the Report and Recommendation of the Magistrate Judge.

## BACKGROUND[1]

In 1993, Hurd was found guilty of a murder committed in 1981. *State v. Hurd*, 763 N.W.2d 17, 20 (Minn. 2009). He was sentenced to life in prison and is currently serving his sentence at the Minnesota Correctional Facility in Stillwater, Minnesota. Hurd is not challenging his murder conviction.

In July or August of 2010, Hurd filed a habeas corpus petition in Washington County District Court asserting that the Department of Corrections ("DOC") violated his due process rights by extending his term of incarceration. The state court denied the petition on the merits in a written decision dated December 7, 2010.[2] (Hurd's Exhibits at 5-6, June 17, 2011, Docket No. 6.) Hurd appealed that decision to the Minnesota Court of Appeals.

The Court of Appeals issued an Order on December 30, 2010 directing Hurd to remedy deficiencies in his appeal. (Hurd's Exhibits at 1-2.) Because Hurd failed to

---

[1] The Court only recites the facts necessary to rule on Hurd's specific objections to the R&R. For a complete recitation of the facts, see R&R at 1-3.

[2] Hurd asserts the state court did not deny his petition on the merits because the opinion did not discuss the Constitutional issues that Hurd had raised. In fact, the decision did not dismiss Hurd's petition on a technicality. It addressed Hurd's assertion that he was eligible for release; thus, the denial was on the merits.

remedy these deficiencies,[3] the Court of Appeals denied Hurd's habeas petition on January 28, 2011. (*Id.*) Hurd pursued no further relief in the state courts.[4] It is now too late for Hurd to ask the Minnesota Supreme Court to review the Court of Appeals' decision. Minn. R. Civ. App. P. 104.01 subd. 1.

On May 13, 2011, Hurd filed a petition seeking federal habeas relief under 28 U.S.C. § 2254. (Docket No. 1.) Hurd again contends the DOC violated his procedural due process rights when it extended his term of incarceration.[5] The Magistrate Judge found that all of Hurd's federal habeas corpus claims were procedurally defaulted and recommended that this action be dismissed.

## DISCUSSION

### I.   STANDARD OF REVIEW

A state prisoner may petition for habeas relief if "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may not grant habeas corpus relief to a state prisoner on any issue decided on the merits by a state court unless the proceeding:

---

[3] The Court of Appeals ordered Hurd to (1) pay the required filing fee or obtain leave to proceed in forma pauperis and (2) provide proof of service by January 14, 2011. The court's January order noted that neither of these conditions were met.

[4] On May 18, 2011, the Magistrate Judge ordered Hurd to show why this action should not be dismissed for failure to exhaust state remedies as required by 18 U.S.C. § 2254(b). (Order, May 18, 2011, Docket No. 4.) Nothing Hurd submitted in response indicates an appeal was filed with the Minnesota Supreme Court. (Mem. Supp. Continuance, June 17, 2011, Docket No. 5; Hurd's Exhibits.)

[5] Hurd submitted a DOC memorandum dated November 29, 2000 stating that his "release date is now 2/22/2010." (Hurd's Exhibits at 13.) At least two other exhibits indicate Hurd's parole eligible date was, at one time, February 22, 2010. (*Id.* at 14.)

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d).

Before seeking federal habeas relief, a state prisoner must first exhaust state court remedies. *Id.* § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). The exhaustion requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. *O'Sullivan*, 526 U.S. at 844-45. The burden is on the habeas petitioner to prove exhaustion. 28 U.S.C.A. § 2254(b).

To exhaust available state remedies, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). A federal court in a habeas proceeding may not entertain a procedurally defaulted claim unless the petitioner shows "cause and prejudice" excusing his procedural default, or that there would be a "fundamental miscarriage of justice" if the federal court declined to hear the claim. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

## II.     HURD'S OBJECTIONS

In his objections to the R&R, Hurd asserts that he gave the state courts a fair opportunity to act on his claim. In the alternative, Hurd argues he has shown cause and

prejudice to excuse his procedural default and that a fundamental miscarriage of justice would occur if this Court does not consider his claim.

### A.   Failure to Exhaust State Remedies

Hurd first asserts that he adequately exhausted state remedies because state prisoners must only give "state courts a fair opportunity to act on their claims." *O'Sullivan*, 526 U.S. at 844.  (Hurd's Mem. Objecting to the R&R at 3, Sept. 30, 2011, Docket No. 11.)  Yet *O'Sullivan* defined this "fair opportunity" as "one complete round of the State's established appellate review process." *Id*. at 845.  Because Hurd had the right to raise his claims before the Minnesota Supreme Court, his failure to do so means he has failed to exhaust his adequate state remedies. *See id.*

Hurd also suggests that appealing to the Minnesota Supreme Court is the type of "stringent procedural nicet[y]" to which a *pro se* litigant should not be subjected. *Papantony v. Hedrick*, 215 F.3d 863, 865 (8th Cir. 2000).  Hurd is incorrect.  Appealing to the highest available state court is not a procedural nicety but rather an essential prerequisite to respecting state procedural rules. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (holding federal habeas claims are **barred** if a state prisoner has procedurally defaulted those claims in state court unless specific exceptions apply).

The Court finds that Hurd defaulted his habeas claims in state court.  Therefore, federal habeas review of his claim "is barred unless [he] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or

demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.*

### B. Exceptions for Procedurally Defaulted Claims

Hurd argues that even if he had failed to exhaust his state remedies, this Court should entertain his defaulted claim because he has shown "cause and prejudice" excusing his procedural default, and because there would be a "fundamental miscarriage of justice" if the federal court declined to hear his claim. *Id.* at 749-50.

#### 1. Cause and Prejudice

Hurd's "cause and prejudice" argument is that the state courts did not follow their own procedures and that this failure prevented him from appealing to the Minnesota Supreme Court. In order to show "cause" under the cause and prejudice test, Hurd must show that some "external" impediment – some impediment that cannot be fairly attributed to Hurd – prevented him from presenting his claim to the Minnesota Supreme Court. *Id.* at 753. For example, he could make "a showing that . . . some interference by officials . . . made compliance impracticable." *Id.* (internal quotation marks and citation omitted).

Hurd has failed to show cause and prejudice excusing his procedural default. While Hurd asserts that he filed papers that would have prevented the Minnesota Court of Appeals from dismissing his petition, he has failed to provide copies of these papers to the Court despite explicit requests to do so. (*See* Order, May 19, 2011, Docket No. 4.) In addition, Hurd has submitted nothing to indicate he attempted to appeal to the Minnesota

Supreme Court. In sum, Hurd has failed to make any showing that external factors made his appeal impracticable.

### 2. Fundamental Miscarriage of Justice

In the alternative, Hurd asserts that this Court's failure to hear his petition would result in a "fundamental miscarriage of justice." The "fundamental miscarriage of justice" exception is also called the "actual innocence" exception. *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995). In order to invoke this exception, the petitioner must establish, in light of new evidence, "a compelling claim of actual innocence." *House v. Bell*, 547 U.S. 518, 522, 537 (2006). Hurd is not asserting that he is innocent of the underlying crime. Therefore, this exception is inapplicable.

The Court concludes that Hurd defaulted his habeas claims in state court. Moreover, Hurd has failed to demonstrate cause for his default that would allow the Court to consider the merits of his claim. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

## III. REQUEST FOR PROTECTIVE ORDER

While his petition was pending, Hurd submitted a letter seeking a protective order to prevent retaliation by the Minnesota Department of Corrections. (Docket No. 17.) This request will be denied because it is not ripe for adjudication by this Court. Hurd asserts his belief that the Department of Corrections "will retaliate" against him, but he failed to specify the type, immediacy or likelihood of the harm. *See, e.g., Paraquad, Inc. v. St. Louis Hous. Auth.*, 259 F.3d 956, 959 (8th Cir. 2001) (finding that a court must be

presented with specific facts that show a likelihood of injury for a claim to be ripe). Additionally, Petitioner has not brought this request through the proper federal statute. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (noting requests for relief based on the circumstances of confinement are properly brought under 42 U.S.C. §1983).

## IV. CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only where the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir.1997). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the issues must deserve further proceedings. *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir.1994). For purposes of appeal under 28 U.S.C. § 2253, the Court concludes that it is unlikely that reasonable jurists would find the issues raised in Hurd's § 2254 petition debatable, or that some other court would decide this petition differently. The Court therefore declines to grant a Certificate of Appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** the petitioner's objections [Docket No. 11] and **ADOPTS** the Magistrate Judge's Report and Recommendation dated August 12, 2011 [Docket No. 8]. **IT IS HEREBY ORDERED** that:

1. Hurd's Petition for the Writ of Habeas Corpus [Docket No. 1] is **DENIED**.

2. Hurd's Motion for Leave to Proceed *in forma pauperis* [Docket No. 2] is **DENIED as moot**.

3. For the purposes of appeal, the Court does not grant a certificate of appealability under 28 U.S.C. § 2253(c)(2).

**IT IS FURTHER HEREBY ORDERED** that:

4. Hurd's Motion for a Protective Order [Docket No. 17] is **DENIED**.

**LET JUDGEMENT BE ENTERED ACCORDINGLY.**

DATED: November 14, 2011              _____s/ John R. Tunheim_____
At Minneapolis, Minnesota.                    JOHN R. TUNHEIM
                                              United States District Judge